defendants borrowed the money. This the complaint alleges, and it is not, therefore, indefinite or uncertain.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

## SCHIERLOH v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 16, 1906.)

**1. DAMAGES—EXCESSIVE DAMAGES—TEMPORARY INJURIES.**

In an action by a passenger for injuries on a street car, there was evidence that immediately after the accident there was a contusion of the shoulder and ribs on the right side and a difficulty in breathing. Ten days later there was the first of hemorrhages, which recurred at intervals of several months; but it was shown that such hemorrhages, even though coming from the lung, which was disputed, could not have been produced by a traumatic cause, which would have required a blow sufficient to lacerate the lung, which was, in fact, intact. *Held*, that plaintiff was not entitled to a verdict of more than $1,000.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 357, 365.]

**2. APPEAL—DISPOSITION OF CAUSE—MODIFICATION—REDUCTION OF VERDICT.**

Where, on appeal of a personal injury action, it appears that a reasonable award of damages would be a certain sum, less than the judgment rendered, the judgment may be affirmed on condition that plaintiff first stipulate a reduction to such sum.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4462–4476.]

Ingraham and Clarke, JJ., dissenting in part.

Appeal from Trial Term, New York County.

Action by Mathilde Schierloh against the Interurban Street Railway Company. From a judgment in favor of plaintiff, and an order denying a motion for new trial, defendant appeals. Conditionally affirmed.

Argued before PATTERSON, INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Charles F. Brown, for appellant.
George M. Pinney, Jr., for respondent.

PATTERSON, J. The plaintiff sued to recover damages for personal injuries alleged to have been sustained by her through the negligence of the defendant's servants in operating one of its cars on Ninth avenue, in the city of New York. Her claim was that, as she was about entering the car, it was prematurely started, and that she fell and was seriously injured. Her version of the occurrence was corroborated by a witness who was standing in the street near the car and saw the accident. The testimony of these witnesses was contradicted, but the conflict of evidence was submitted to the jury, as was also the issue of contributory negligence. On both of these issues the jury found in favor of the plaintiff, and we see no reason for interfering with their verdict in regard thereto. They evidently found that the de-

fendant was chargeable with negligence in the operation of the car, and that the plaintiff was free from contributory negligence, and some injury having been sustained by the plaintiff, it necessarily followed that she was entitled to damages in some amount; but on the evidence contained in the record before us we cannot resist the conclusion that the sum awarded by the jury was excessive.

According to the plaintiff's testimony, by the premature starting of the car she was thrown against the edge of the doorway by which she entered; that her ribs were bruised, she was black and blue, her teeth were loosened, and she received a blow in the face, and fell down. A young physician, who attended her on the evening of the accident and for some time thereafter, testified that she had a contusion of the right shoulder, and her ribs on the right side were contused, and she suffered from difficulty in breathing, and that is all he saw after examining her on the evening of the day on which she was injured; but he also testified that ten days after the accident the plaintiff had a hemorrhage from the lungs, and subsequently at intervals of several months for two years and more she would have other hemorrhages. This witness also examined the plaintiff in August, 1905, and January, 1906, and noticed that the right lung was impaired, and that his patient had difficulty in breathing. He was the only medical witness examined on behalf of the plaintiff. The defendant called as a witness an experienced surgeon, who examined the plaintiff in 1905 at her home, and the examination lasted for three-quarters of an hour. He examined her right lung and the right side of her chest, and found that she did not have any trouble with her lung, and that organ was "as normal as it is in a woman at her age"; and he discovered that she was suffering from a malignant cancerous growth which involved her liver, and he thought that the hemorrhage which was referred to by her physician probably proceeded from that disorder, although from the character of the blood observed as being discharged when the hemorrhage took place a question was raised whether it could have flowed from the lungs or the liver. But the medical witness for the defendant testified that the hemorrhage could not have been produced by a traumatic cause, and gave his reasons, viz.: That blood would not have been discharged from the lung, unless that organ had been punctured or penetrated or ruptured, and that a rupture would not take place unless a blow was severe enough to break a rib. He also testified that the plaintiff's lung was intact; and it also appears that the plaintiff was not afflicted with tuberculosis.

The testimony of this witness for the defendant concerning traumatism, as related to hemorrhages of the lungs, is not contradicted, and it would seem to be evident that, if the plaintiff's lung had been injured by a blow sufficient to lacerate that organ, hemorrhage therefrom would not have been delayed until 10 days after the blow was inflicted. On the evidence we think the jury were not authorized to find such an aggravated condition of the plaintiff's injuries as would authorize an award of damages to the amount allowed by them in their verdict. The plaintiff was entitled to recover something, and a reasonable award of damages for the injuries she sustained would be the sum of $1,000, to which amount the recovery might properly be reduced.

If, therefore, the plaintiff will stipulate to reduce the verdict to that amount, the judgment at the reduced amount and the order will be affirmed, without costs in this court. Otherwise the judgment and order appealed from must be reversed, and a new trial ordered, with costs to abide the event.

LAUGHLIN and HOUGHTON, JJ., concur.

INGRAHAM, J. I think the judgment should be reversed, and a new trial ordered.

CLARKE, J., concurs with INGRAHAM, J.

---

MACKEY v. INTERURBAN ST. RY. CO.

·(Suprème Court, Appellate Division, First Department. November 23, 1906.)

**1. EVIDENCE—EXPERT TESTIMONY—COMPETENCY.**

In an action for personal injuries, where a physician testified as to the condition of plaintiff three years after the injury, his testimony as to whether the condition described could result from a fall was inadmissible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2336, 2356.]

**2. TRIAL—RECEPTION OF EVIDENCE—STRIKING OUT TESTIMONY.**

In an action for personal injuries, where a physician testified as to the condition of the plaintiff three years after the injury, and there was no evidence sufficient to show that it was the result of the injury, the testimony should have been stricken out on motion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 233.]

Laughlin, J., dissenting.

Appeal from Trial Term, New York County.